Hiram Glenn Jr.

1841 Drifters Peak St.

Las Vegas, NV  89144

702-929-9202

hiramglennjr@yahoo.com



```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

         MAY   4 2022

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Hiram Glenn Jr., an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Mission Support And Test Services LLC (MSTS)/Upper management, Laborer Relations Representative (Taylor Andrews) ,MSTS ADA Coordinator (Angelica Wolf)<br><br>Defendants. | CASE NO.:  2:22-cv-00712-RFB-BNW<br>Court><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Mr.Hiram Glenn Jr., in Proper Person hereby complains and alleges as follows:

## JURISDICTION

1.This is an action for damages brought by Plaintiff for unlawful workplace discrimination based disability, age and retaliationunder Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; for violations of the Civil Rights Act of 1871, §1981;the Americans with Disabilities Act ("ADA"), U.S.C. § 12101, et seq; For violation of the Americans with Disabilities Act, and for violation of Nevada Revised Statute§613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3.All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.On or about February 14, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on ageand disability, and retaliation.

5.On or about February 4, 2022, Plaintiff received his Notice of Right to Sue from the EEOC.

6.  This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.  Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

8.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.  Plaintiff is a United States citizen and former resident of Clark County, Nevada.

< Discrimination in age, Discrimination on job reassignments, Discrimination in ADA Accommodations Laws, Discrimination in OSHA Laws, Discrimination and retaliation, Discrimination and Harassment, Intentional exclusion, Intentionally taking my work truck that I needed for my ADA accessibility. Spreading my medical condition around the jobsite and not spreading it truthfully.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Disability in violation of State and Federal Statutes)

10. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

11. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability or a combination thereof.

12. At all relevant times, Plaintiff had a qualifying disability right hip metal on metal replacement, left hip osteoarthritis.

13. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

14. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by Not having a equal opportunity for job reassignment, not following the ADA laws, not having the benefits and privileges of employment, misinterpretation of medical documents, and segregation. No inclusion when making the decisions about my health and safety.

15.     No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

16.     Plaintiff suffered adverse economic impact due to his constructive discharge.

17.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

18.     Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

19.     Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

20.     Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

21.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

22.     Plaintiff is entitled to an award of reasonable attorney's fees.

23.     Defendant is guilty of oppression, fraud or malice, expressed or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race and disability.

24.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)

25.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

26.     In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

27.     In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, whichhe reasonably believed were discriminatory.

28.     There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

29.     The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

30.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

31.     Plaintiff is entitled to an award of reasonable attorney's fees.

32.     Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because hesubmitted a complaint of racial discrimination with the general manager.

33.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION

### (Violation of the Americans with Disabilities Act)

34.     Plaintiff hereby repleads, realleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

35.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

36.     Because right hip metal on metal replacement, left hip osteoarthritis limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

37.     Plaintiff was fully qualified to be a Laborer II and an above ground Miner, and could perform the essential functions of the positions.

38.     Defendant is a covered employer to which the ADA applies.

39.     Defendant discriminated against Plaintiff's employment because of his disability.

40.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

### FOURTH CAUSE OF ACTION

### (Discrimination and Retaliation in Violation of the ADEA, 29 U.S.C. § 631 et. seq.)

**41.** Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

**42.** Defendant violated 29 U.S.C. § 631 et. seq., by discriminating against and retaliating against Plaintiff because age limits individuals at least 40 years of age, intentional exclusion, segregation, opportunity to compete on a equal basis and pursue the opportunities.

**43.** Defendant engaged in age discrimination in violation of 29 U.S.C. § 631 when Defendant gave younger laborers opportunities to transfer to different jobs on the site, gave laborers opportunities for promotions to other jobs that were less stressful, by not posting job positions or having meetings to announce the job vacancies as a group.

**44.** Give examples related to age discrimination :Other laborers who worked in Area 6 had an opportunity to be reassigned to Mercury/Maintenance, Fleet/Maintenance, Fleet/Construction, the DAF, Area 5, U1A.  They were also given opportunities to get their Q Security Clearance, and made foreman which resulted in them earning higher pay rates than me, and employer acceptability to younger workers.

**45.** Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

**46.** Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

**47.** Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

48. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

**WHEREFORE,** Plaintiff prays this court for: A judgment in his favor and against the Defendants for the following relief:

    a.    A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b.    Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make his whole in accordance with Title VII, and the ADA;

    c.    General damages;

    d.    Special damages;

    e.    An award of compensatory and punitive damages to be determined at trial;

    f.    Liquidated damages;

    g.    Pre and post-judgment interest;

    h.    An award of attorney's fees and costs; and

    i.    Any other relief the court deems just and proper.

Dated this 4th Day of May, 2022.

                                              **Hiram Glenn Jr.**

*[Signature: Hiram Glenn Jr.]*

Hiram Glenn Jr.

1841 Drifters Peak Street

Las Vegas, NV 89144

702-929-9202

hiramglennjr@yahoo.com

(q)

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: MSTS
- Job or Title (if known): Upper Management
- Street Address: 2621 Losee Rd
- City and County: N Las Vegas, Clark
- State and Zip Code: NV, 89030
- Telephone Number: 702-295-7783
- E-mail Address (if known):

Defendant No. 2
- Name: Angie Wolf
- Job or Title (if known): ADA Coordinator
- Street Address: 2621 Losee Rd
- City and County: N Las Vegas, Clark
- State and Zip Code: NV, 89030
- Telephone Number: 702-624-8012
- E-mail Address (if known):

Defendant No. 3
- Name: Taylor Andrews
- Job or Title (if known): Labor Relations Rep
- Street Address: 2621 Losee Rd
- City and County: N Las Vegas, Clark
- State and Zip Code: NV, 89030
- Telephone Number: 702-801-7620
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):