DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
KATLYN BRADY, ESQ.
Nevada Bar No. 14173
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
         katlyn.brady@jacksonlewis.com

*Attorneys for Defendant Angelica Wolf*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HIRAM GLENN, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>MISSION SUPPORT AND TEST SERVICES LLC (MSTS)/ Upper Management and Laborer Relations Representative (Taylor Andrews), MSTS ADA Coordinator (Angelica Wolf),<br><br>        Defendants. | Case No.: 2:22-cv-00712- RFB-BNW<br><br>**DEFENDANT ANGELICA WOLF'S RULE 12(b)(5) and Rule 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Angelica Wolf ("Defendant Wolf"), an individually named defendant, by and through her counsel, the law firm of Jackson Lewis P.C., moves to dismiss Plaintiff's Complaint (ECF No. 2) pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is based on the pleadings and papers on file in this case, the following memorandum of points and authorities, the Declaration of Angelica Wolf, and any oral argument the Court deems proper.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     **INTRODUCTION**

This case involves alleged employment discrimination in which Plaintiff has named an employer, Mission Support and Test Services, LLC, and two employees as individual defendants, including Defendant Wolf. However, Plaintiff failed to serve a Summons on Defendant Wolf

pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Moreover, even if Defendant Wolf was properly served (she was not), Plaintiff fails to state any claim for which relief may be granted against Defendant Wolf because there is no individual liability for the employment related discrimination and retaliation claims asserted in Plaintiff's Complaint.  Courts have long held that individuals cannot be found liable for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Nevada Revised Statutes § 613.330 et. seq. ("NRS 613").  *Johnston v. City of Red Bluff*, 723 Fed. Appx. 558, 559 (9th Cir. 2018) (ADEA does not impose individual liability on employees); *Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir. 1996) ("employees cannot be held liable in their individual capacities under Title VII."); *Tulipat v. Lombardo*, No. 2:22-cv-01738-JAD-VCF, 2022 U.S. Dist. LEXIS 59657, *4 (D. Nev. Mar. 31, 2022) (concluding Nevada Supreme Court would hold that NRS 613.330 does not extend liability to individual employees).

Given Plaintiff's failure to serve a Summons on Defendant Wolf, the Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).  Moreover, as Plaintiff has only pled claims that may be brought against an employer, not against an individual, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     FACTUAL BACKGROUND

1. On May 4, 2022, Plaintiff filed a Complaint (ECF No. 2) alleging the following the claims: (1) Disability Discrimination under the ADA and NRS 613, (2) Retaliation under Title VII and NRS 613, (3) Disability Discrimination under the ADA, and (4) Age discrimination under the ADEA.

2. Plaintiff's Complaint named three defendants: (1) Mission Support and Test Services, LLC, (2) Taylor Andrews, and individual), and (3) Angelica Wolf, an individual.

3. On May 24, 2023, Plaintiff attempted to effect service on Defendant Wolf through a Las Vegas Township Constable.  (ECF No. 12)  The Constable contacted Defendant Wolf and personally handed her a copy of the Complaint (ECF No. 2) and a Summons that was directed solely to Mission Support and Test Services LLC (ECF No. 3).  **See Exhibit A, Declaration of Defendant**

**Angelica Wolf, and Exhibit 1 to Declaration (Documents served by the Constable).** The constable did not, however, provide her any Summons directed to Defendant Wolf. *Id.* at ¶ 3.

4. To date, Defendant Wolf has not been served with any Summons directed at or to her. *Id.* at ¶ 4.

5. Defendant Wolf is currently employed by Mission Support and Test Services, LLC, ("MSTS") in the position of Principal HR Specialist - Leave and Accommodations Administrator. *Id.*, at ¶ 5.

6. Defendant Wolf and Plaintiff are both employed by MSTS. Defendant Wolf has interacted with Plaintiff in the course and scope of her employment, while performing her duties as a Principal HR Specialist - Leave and Accommodations Administrator. *Id.*, at ¶ 7.

7. Defendant Wolf, an individual, is not now, nor has she ever been, Plaintiff's employer. *Id.*, at ¶ 8.

8. Moreover, Defendant Wolf is not a registered agent for MSTS and is not authorized to accept service of process on behalf of MSTS. *Id.*, at ¶ 9. Thus, the Summons received by Defendant Wolf that was addressed and directed to MSTS did not effectuate service on either Defendant Wolf or MSTS.

### III.    LEGAL ARGUMENT

**A. Legal Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5).**

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion for: "(5) insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Rule 12(b)(5) motion challenges "irregularities in the manner of delivery of the summons and complaint." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA (MAAx), 2021 U.S. Dist. LEXIS 227452, at *7 (C.D. Cal. 2021).

**B. Defendant Wolf is Entitled to Dismissal Under Fed. R. Civ. P. 12(b)(5).**

Service of a summons and complaint is governed under Fed. R. Civ. P. 4. , *Id.* at *6. A summons must, among other things, name the court and the parties and *be directed to the defendant*.

*Id.;* Fed. R. Civ. P. 4(a)(1)(A)-(B) and 4(c).  The summons must be served with a copy of the complaint within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c).  Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own, must dismiss the action without prejudice as to that defendant or "order that service must be made within a specified time." Fed. R. Civ. P. 4(m); *Abrams Ins.*, 2021 U.S. Dist. LEXIS 227452, at *6-7.

Indeed, a Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.  *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).  Once service of process is properly challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4.  *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

Here, Plaintiff filed his lawsuit more than one year ago.  ECF No. 2.  However, Plaintiff failed to timely serve the Summons and Complaint on the defendants.  On notice from the Clerk of Court on April 11, 2023, Plaintiff was given one last extension of time to serve the Complaint no later than May 11, 2023.  ECF No. 9.  This was the Clerk's second notice of intention to dismiss for failure to serve the Summons and Complaint on named defendants.  ECF. No. 6.

On May 25, 2023, Plaintiff attempted to effect service on Defendant Wolf through a Las Vegas Township Constable, but the Constable served only a copy of the Complaint and a copy of a Summons directed to Mission Support and Test Services, LLC.  *See* ECF No. 12, and Exhibit A, Decl. of Angelica Wolf, at ¶ 2.  The Constable did not serve any Summons that was addressed to or directed at Defendant Wolf.  *Id.*, at ¶ 3.

Failure to serve a Summons directed at a named Defendant renders service ineffective. Fed. R. Civ. P. 4(c)(1) (plaintiff is responsible for having summons and complaint served within time allowed by Rule 4(m)).

Here, Plaintiff has not effectively served Defendant Wolf, despite having more than one year to do so.  The Clerk's last notice warned that Plaintiff's Complaint would be dismissed if he failed to file proof of service on the named defendants by May 11, 2023.  Plaintiff's attempted service of Defendant Wolf, on May 25, 2023, was untimely and insufficient.

Jackson Lewis P.C.
Las Vegas

4

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009). Moreover, Plaintiff has presented no reason showing good cause or excusable neglect for the failure to timely and effectively serve Defendant Wolf. Here, Plaintiff waited over one year, and after two notices from the Clerk of intention to dismiss the Complaint, to even attempt service on Defendant Wolf, albeit ineffectively. Plaintiff has no excuse for ignoring the 90-day deadline in Fed. R. Civ. P. 4(m) until it was too late to accomplish timely service of process on Defendant Wolf, let alone several more months to file service after two warnings from the Clerk. Moreover, Plaintiff has no excuse for failing to ever serve a Summons directed at Defendant Wolf. No good cause exists to excuse such blatant violation of the Federal Rules of Civil Procedure.

Courts have not hesitated to grant dismissal of actions where plaintiffs cannot show good cause for plaintiffs' unexplained delays. *See, e.g., Sohal v. Mondelez Glob. LLC*, No. 3:22-cv-00998-MO, 2023 U.S. Dist. LEXIS 5777, at *3 (D. Or. Jan. 11, 2023) (holding that "Defendant's argument is straightforward: 109 > 90," thus warranting the court to grant dismissal without prejudice); *Ibarra v. City of Portland*, No. 3:19-cv-00871-MO, 2019 U.S. Dist. LEXIS 222453, at *1-2 (D. Or. Dec. 30, 2019) (granting dismissal for untimely service where plaintiff failed to explain delaying process to locate defendants until "mere days before the 90-day deadline expired."); *Bohee v. Harrell*, No. CV 19-4990-GW (KS), 2019 U.S. Dist. LEXIS 229061, at *2 (C.D. Cal. Oct. 22, 2019) (holding which dismissed plaintiff's complaint without prejudice because "more than six weeks have passed since Plaintiff's proof of service was due."); *Diebold v. Berryhill*, No. CV 18-3551-MWF (KS), 2018 U.S. Dist. LEXIS 215183, at *3 (C.D. Cal. Dec. 21, 2018) (holding that "despite being given an opportunity to argue good cause for her delay and seek a second extension

of time to effect service, Plaintiff has made no such argument and sought no such extension. To the contrary, more than three weeks have passed since her deadline for responding to the Court's Order to Show Cause. Accordingly, the Court concludes that dismissal is now warranted under Rule 4(m).").

In the *Bohee* case, for example, the court explained that the plaintiff had "both allowed the Complaint to languish on the Court's docket for well over four months and failed to communicate with the Court about his case." *Id.* at *3. Thus, the court held that the plaintiff's inaction "hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently." *Id.* The court even went on to state that the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Id.*; *see In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, the plaintiff provided no explanation, frivolous or otherwise, for his failure to engage in this matter and serve the Complaint and summons on the defendants. *Id.* at *3-4.

Decisions from other Districts are in accord and have rejected excuses for failure to properly serve. *See e.g., Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 755 (E.D. Ky. Jan. 14, 2011) (noting that good cause has not been shown in a large number of cases and federal courts have rejected excuses based on failure to receive waiver of formal service); *Nat'l Union Fire Ins. Co. v. Sun*, 93 Civ. 7170 (LAP), 1994 U.S. Dist. LEXIS 11934, at *12 (S.D.N.Y. Aug. 18, 1994) (refusing to excuse a failure to serve summons because "though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger").

Because Plaintiff cannot show good cause for failing to timely and effectively serve process on Defendant Wolf, the Court should dismiss this action under Rule 4(m).

### C. Legal Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

A complaint should be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading should provide a "short and

plain statement of the claim showing that the pleader is entitled to relief," but must still contain enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Leave to amend is properly denied based on futility of amendment, prejudice, or undue delay.  *See*, e.g., *Foman v. Davis*, 371 U.S. 178 (1962); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

### D. Defendant Wolf is Entitled to Dismissal Under Fed. R. Civ. P. 12(b)(6).

Plaintiff fails to state any plausible claim against Defendant Wolf as an individual defendant.  Plaintiff's Complaint alleges the following claims: (1) disability discrimination under the ADA and NRS 613, (2) retaliation under Title VII and NRS 613, (3) disability discrimination under the ADA, and (4) age discrimination under the ADEA.  (ECF No. 2)

It is well-established that no action can be maintained against individual employees under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., and the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq*.  See *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993) *followed in Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982); *Seib v. Elko Motor Inn*, 648 F. Supp. 272, 274 (D. Nev. 1986); *Pree v. Stone & Webster Eng'g Corp.*, 607 F. Supp. 945, 950 (D. Nev. 1985).  Similarly, the Courts have held no action can be maintained against individual employees under the ADEA and ADA.  *Johnston v. City of Red Bluff*, 723 Fed. Appx. 558, 559 (9th Cir. 2018) (ADEA does not impose individual liability on employees); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (suits against individuals under Title I of the ADA are barred).

The plaintiff in *Miller* filed a lawsuit alleging discrimination and harassment and named several supervisors (as well as the CEO and owner of the business where she worked) in their individual capacities as defendants. *Miller*, 991 F.2d 583 at 584.  The court affirmed dismissal of Miller's claims against all the individually named defendants holding there was no personal liability

under Title VII. In making its decision, the court examined the language of Title VII and determined that Congress only intended to assess civil liability against employers, not individual employees. *Id.* at 587. The court reasoned that "if Congress had envisioned individual liability under Title VII for compensatory or punitive damages, it would have included *individuals* in this litany of limitations and would have discontinued the exemption for small employers." *Id.* at 588. Harassment claims are also analyzed as a form of discrimination that is actionable under Title VII. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 63-69 (1986).

Nowhere in his Complaint does Plaintiff allege that he was employed by Defendant Wolf. He merely asserts that Defendant Wolf worked as an employee of Mission Support and Test Services, LLC, as an "ADA Coordinator." ECF No. 2, p. 9. However, the Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees" who do not meet the statutory definition of "employer." *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA).

Further, NRS 613.331(2) defines an "employer" as "any person who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Plaintiff's Complaint does not allege that Defendant Wolf is or was an employer as defined by NRS 613. Moreover, since Nevada's anti-discrimination/anti-retaliation statute, NRS 613.310 *et. seq.*, is virtually identical to Title VII and Nevada courts routinely analyze NRS 613.310 *et. seq.* claims pursuant to Title VII, Plaintiff's discrimination and retaliation claims asserting violation of NRS 613.330 must also be dismissed. *See Hirschhorn v. Sizzler Rests. Int'l Inc.*, 913 F. Supp. 1393, 1399 (9th Cir. 1995) (citations omitted); *Tulipat v. Lombardo*, No. 2:22-cv-01738-JAD-VCF, 2022 U.S. Dist. LEXIS 59657, *4 (D. Nev. Mar. 31, 2022) (concluding Nevada Supreme Court would hold that NRS 613.330 does not extend liability to individual employees).

Accordingly, Plaintiff has failed to state any plausible claim against Defendant Wolf for which relief may be granted as there is no individual liability under Title VII, the ADA, ADEA, and NRS 613. As a matter of law, Plaintiff's discrimination and retaliation claims must be dismissed with prejudice as alleged against Defendant Wolf as an individual.

## IV. CONCLUSION

For the reasons discussed herein, Defendant Wolf respectfully requests that the Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), dismissing this case with prejudice.

Dated this 14th day of June, 2023.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant Angelica Wolf*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 14th day of June, 2023, I caused a true and correct copy of the foregoing **DEFENDANT ANGELICA WOLF'S RULE 12(b)(5) AND RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served via email and U.S. Mail to the following:

HIRAM GLENN, JR.
1841 Drifters Peak St.
Las Vegas, NV 89144
hiramglennjr@yahoo.com

*Pro Se Plaintiff*

/s/ Kelley Chandler
Employee of Jackson Lewis P.C.