DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
KATLYN BRADY, ESQ.
Nevada Bar No. 14173
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
katlyn.brady@jacksonlewis.com

*Attorneys for Defendant Angelica Wolf*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HIRAM GLENN, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>MISSION SUPPORT AND TEST SERVICES LLC (MSTS)/ Upper Management and Laborer Relations Representative (Taylor Andrews), MSTS ADA Coordinator (Angelica Wolf),<br><br>Defendants. | Case No.: 2:22-cv-00712- RFB-BNW<br><br>**DEFENDANT ANGELICA WOLF'S REQUEST TO VACATE THE EARLY NEUTRAL EVALUATION** |

Defendant Angelica Wolf ("Defendant Wolf"), an individually named Defendant, by and through her counsel, the law firm of Jackson Lewis P.C., requests this Court vacate the August 2, 2023, Early Neutral Evaluation (ENE) until such a time that all remaining Defendants have been served.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL BACKGROUND

On May 4, 2022, Plaintiff filed a Complaint alleging unlawful workplace discrimination based on disability, age, and retaliation. ECF No. 2 at ¶ 1. The Complaint named Mission Support and Test Services LLC (MSTS), Angie Wolf, and Taylor Andrews as Defendants. *Id.* at p. 9. Plaintiff appears to allege he is an employee of Defendant MSTS and that all Defendants have

individually or collectively failed to provide him a reasonable accommodation and/or retaliated against him. *See generally* ECF No. 2.

On April 11, 2023, the Court issued a Notice of Intent to Dismiss pursuant to FRCP 4(m) as Plaintiff had failed to complete service. ECF No. 9. In response, Plaintiff filed two documents titled "Notice." ECF Nos. 7 and 8. The first notice contained a copy of a check made payable to "Nevada Secretary of State." ECF No. 7. The second notice contains a "MoneyGram" demonstrating the check identified in ECF No. 7 cleared and Plaintiff had made numerous calls to the Nevada Secretary of State's Office. ECF No. 8. Plaintiff stated he believed the Secretary of State is understaffed but would eventually serve "the Registered agent." *Id.*

On April 11, 2023, the Court issued a second Notice of Intent to Dismiss pursuant to FRCP 4(m). ECF No. 9. In response, Plaintiff provided a copy of a certified mail receipt that purportedly shows a document was mailed to "Laborer's Local No. 872." ECF No. 10. Plaintiff wrote Taylor Andrews next to the receipt. *Id.* Plaintiff further provided a copy of a receipt from the Las Vegas Township Constable that appears to show Plaintiff paid for "service of small claims or summons" for Defendant Taylor Andrews. ECF No. 11. Finally, Plaintiff attached a second receipt from the Las Vegas Township Constable showing payment for "service of small claims or summons" for Angie Wolf. ECF No. 12.

On May 31, 2023, this Court issued a minute order stating "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." ECF No. 13. The order noted Plaintiff has not filed the appropriate proof of service for Defendants Angelica Wolf and Andrew Taylors.[1] *Id.* Accordingly, the Court provided Plaintiff an additional 60 days to file proof of service. *Id.*

On June 14, 2023, Defendant Wolf filed a Motion to Dismiss arguing, in part, that Plaintiff had failed to serve her with a copy of the summons. ECF No. 14 at pp. 3-6. In addition, Defendant Wolf moved to dismiss all claims against her as she is an individual, not an employer, and there is no individual liability under Title VII, the ADA, the ADEA, or NRS 613. *Id.* at pp. 7-8.

---

[1] While not included in the Court's minute order, Defendant Wolf notes that too date, Plaintiff has not provided proof of service for Defendant MSTS.

On June 15, 2023, this Court scheduled an Early Neutral Evaluation for August 2, 2023. ECF No. 15. Currently, only Defendant Wolf is required to participate as no other Defendant has appeared in this matter.

Defendant Wolf now moves to vacate the Early Neutral Evaluation until such a time that all Defendants are served so the parties can instead participate in a global settlement conference. Alternatively, Defendant Wolf requests the Court vacate the Early Neutral Evaluation until Defendant MSTS is served as Defendant Wolf's involvement in this matter is limited to her employment, as an individual with Defendant MSTS, and Plaintiff has not plead any plausible claims against her.

## II.    LEGAL ARGUMENT

Pursuant to LR 16-6, an early neutral evaluation must be held "not later than 90 days after the first responding party appears in the case." LR 16-6(d). However, this deadline can be extended upon a showing of good cause. *Id.* "The purpose of the early neutral evaluation session is for the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defense." LR 16-6(a).

Here, good cause supports vacating the Early Neutral Evaluation until such a time that all Defendants, or at least Defendant MSTS, is served and appears in the case. At this time, only Defendant Wolf has appeared in this matter. Further, Defendant Wolf filed a Motion to Dismiss arguing that (1) service is improper and (2) she was not Plaintiff's employer and thus cannot violate any employment statutes. ECF No. 14. Thus, Defendant Wolf's position is that she has been incorrectly named in this matter as she is not Plaintiff's employer and cannot be held liable for any alleged violations.

Further, Defendant Wolf does not have authority to enter into any settlement on behalf of the other Defendants and cannot agree to any potential accommodations or requested relief that purportedly falls under Defendant MSTS' exclusive control as Plaintiff's employer. Accordingly, it would be an unnecessary waste of judicial resources to conduct an Early Neutral Evaluation until such as time that the other Defendants, or at least Defendant MSTS, have appeared in this matter.

Accordingly, Defendant Wolf respectfully requests this Court vacate the August 2, 2023, Early Neutral Evaluation. Defendant Wolf is willing to participate in an evaluation at a later time should the remaining Defendants enter an appearance in this matter.

### III. CONCLUSION

For the reasons discussed herein, Defendant Wolf respectfully requests that the Court vacate the August 2, 2023, Early Neutral Evaluation until such a time that all Defendants have appeared.

Dated this 21st day of June, 2023.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
KATLYN M. BRADY, ESQ.
Nevada Bar No. 14173
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant Angelica Wolf*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 21st day of June, 2023, I caused a true and correct copy of the foregoing **DEFENDANT ANGELICA WOLF'S MOTION TO VACATE THE EARLY NEUTRAL EVALUATION** to be served via email and U.S. Mail to the following:

HIRAM GLENN, JR.
1841 Drifters Peak St.
Las Vegas, NV 89144
hiramglennjr@yahoo.com

*Pro Se Plaintiff*

/s/ Kelley Chandler
Employee of Jackson Lewis P.C.