DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
KATLYN BRADY, ESQ.
Nevada Bar No. 14173
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
           katlyn.brady@jacksonlewis.com

*Attorneys for Defendant Taylor Andrews*
*And Defendant Angelica Wolf*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HIRAM GLENN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MISSION SUPPORT AND TEST SERVICES LLC (MSTS)/ Upper Management and Laborer Relations Representative (Taylor Andrews), MSTS ADA Coordinator (Angelica Wolf), <br><br> Defendants. | Case No.: 2:22-cv-00712- RFB-BNW <br><br> **DEFENDANT TAYLOR ANDREWS RULE 12(b)(5) AND RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Taylor Andrews ("Defendant Andrews"), an individually named Defendant, by and through his counsel, the law firm of Jackson Lewis P.C., moves to dismiss Plaintiff's Complaint (ECF No. 2) pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is based on the pleadings and papers on file in this case, the following memorandum of points and authorities, the Declaration of Taylor Andrews, and any oral argument the Court deems proper.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    **INTRODUCTION**

This case involves alleged employment discrimination in which Plaintiff has named an employer, Mission Support and Test Services, LLC, and two employees as individual defendants,

including Defendant Andrews. However, Plaintiff failed to serve Defendant Andrews pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Moreover, even if Defendant Andrews was properly served (he was not), Plaintiff fails to state a claim for which relief may be granted against Defendant Andrews because Defendant Andrews was not Plaintiff's employer.

## II.  FACTUAL BACKGROUND

On May 4, 2022, Plaintiff filed a Complaint (ECF No. 2) alleging the following the claims: (1) Disability Discrimination under the ADA and NRS 613, (2) Retaliation under Title VII and NRS 613, (3) Disability Discrimination under the ADA, and (4) Age discrimination under the ADEA. Plaintiff's Complaint named three defendants: (1) Mission Support and Test Services, LLC, (2) Taylor Andrews, an individual, and (3) Angelica Wolf, an individual.

On or about May 8, 2023, the Laborer's International Union of North America, Local 872 ("Local 872") received certified mail that included the first page of Plaintiff's Complaint and a Summons addressed to Mission Support and Test Services, LLC. **Exhibit 1**. Local 872 is Defendant Andrew's current employer. Declaration of Taylor Andrews attached as **Exhibit 2** at ¶3. Counsel for Local 872 contacted Plaintiff via letter to inform him that Local 872 was not authorized to accept service of process for either MSTS or Defendant Andrews. **Exhibit 1**.

On or about May 16, 2023, a deputy constable from the Las Vegas Township Constable's Office attempted to serve on Defendant Andrews a copy of Plaintiff's Complaint and a summons issued to Mission Support and Test Services, LLC. **Exhibit 3**. The documents were provisionally received by William Kephart, Local 872's general counsel. *Id.* Again, Local 872's counsel stated it was not authorized to accept service of these documents for either MSTS or Defendant Andrews. *Id.* Defendant Andrews was not present at Local 872's union hall when the constable delivered the documents. **Exhibit 2** at ¶ 4. At no point did Defendant Andrews authorize Local 872 to accept service on his behalf. *Id.* at ¶ 5. To date, Defendant Andrews has not been served with a copy of the Complaint or an appropriately addressed summons. *Id.* at ¶ 7.

On July 3, 2023, Plaintiff filed an affidavit of service, stating the constable served a copy of the Complaint and Summons on William Kephart at 2345 Red Rock Street, Las Vegas, NV,

89146. ECF No. 20. This affidavit notes Defendant Andrews was <u>not</u> at the union hall when the constable attempted service. *Id.* at 3.

### III.   LEGAL ARGUMENT

**A. Plaintiff Failed to Serve Defendant Andrews in Compliance with Rule 4.**

Fed. R. Civ. P. 12(b)(5) permits a defendant to move for dismissal due to insufficient service of process. When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service. *See Brockmeye v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013). The summons must be served with a copy of the complaint within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c).  Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own, must dismiss the action without prejudice as to that defendant or "order that service must be made within a specified time."  Fed. R. Civ. P. 4(m); *Abrams Ins.*, 2021 U.S. Dist. LEXIS 227452, at *6-7.

A plaintiff may serve a copy of the summons and complaint by either: (1) delivering a copy to the individual personally, (2) leaving a copy at the individual's dwelling, with someone of suitable age who resides there, or (3) delivering a copy to the defendant's authorized agent. Fed. R. Civ. P. 4(e)(2)(A)-(C).

Here, Plaintiff did not serve Defendant Andrews in accordance with Fed. R. Civ. P. 4(e). Plaintiff did not deliver a copy of the Complaint and Summons to Defendant Andrews personally. Defendant Andrews was not present at the union hall when the constable attempted to serve the Complaint and Summons. ECF No. 20 at 3; **Exhibit 2** at ¶ 4. Further, Defendant Andrews has not personally received a copy of the Complaint and Summons. *Id.* at ¶ 7. Defendant Andrews is unaware of any attempt to serve him at his dwelling. *Id.* at ¶ 8. Furthermore, William Kephart is not Defendant Andrews' authorized agent nor has Defendant Andrews authorized Local 872 to accept service on his behalf. *Id.* at ¶¶ 5 and 6.

Even assuming Mr. Kephart was authorized to accept service, which he was not, service was still improper as the Summons was not directed towards Defendant Andrews. A summons

must, among other things, name the court and the parties and *be directed to the defendant*. Fed. R. Civ. P. 4(a)(1)(A)-(B) and 4(c). Here, the Summons delivered to Local 872 was directed to Defendant MSTS, not Defendant Andrews. Thus, Plaintiff's attempt at service fails because the Summons was incorrect.

Accordingly, this Court should dismiss the Complaint against Defendant Andrews for failing to effectuate service.

**B.     Defendant Andrews was not Plaintiff's Employer.**

This Court should further dismiss Plaintiff's Complaint because Defendant Andrews was not Plaintiff's employer and thus cannot be liable for alleged violations of employment law. Plaintiff's Complaint alleges the following claims: (1) disability discrimination under the ADA and NRS 613, (2) retaliation under Title VII and NRS 613, (3) disability discrimination under the ADA, and (4) age discrimination under the ADEA.  (ECF No. 2).

It is well-established that no action can be maintained against individual employees under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., and the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq*.  *See Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993) *followed in Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982); *Seib v. Elko Motor Inn*, 648 F. Supp. 272, 274 (D. Nev. 1986); *Pree v. Stone & Webster Eng'g Corp.*, 607 F. Supp. 945, 950 (D. Nev. 1985).  Similarly, the Courts have held no action can be maintained against individual employees under the ADEA and ADA.  *Johnston v. City of Red Bluff*, 723 Fed. Appx. 558, 559 (9th Cir. 2018) (ADEA does not impose individual liability on employees); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (suits against individuals under Title I of the ADA are barred).

The plaintiff in *Miller* filed a lawsuit alleging discrimination and harassment and named several supervisors (as well as the CEO and owner of the business where she worked) in their individual capacities as defendants.  *Miller*, 991 F.2d 583 at 584.  The court affirmed dismissal of Miller's claims against all the individually named defendants holding there was no personal liability under Title VII.  In making its decision, the court examined the language of Title VII and

determined that Congress only intended to assess civil liability against employers, not individual employees. *Id.* at 587. The court reasoned that "if Congress had envisioned individual liability under Title VII for compensatory or punitive damages, it would have included *individuals* in this litany of limitations and would have discontinued the exemption for small employers." *Id.* at 588. Harassment claims are also analyzed as a form of discrimination that is actionable under Title VII. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 63-69 (1986).

Nowhere in his Complaint does Plaintiff allege that he was employed by Defendant Andrews. He merely asserts that Defendant Andrews worked as an employee of Mission Support and Test Services, LLC, as a "Labor Relations Rep." ECF No. 2, p. 9. However, the Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees" who do not meet the statutory definition of "employer." *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA).

Further, NRS 613.331(2) defines an "employer" as "any person who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Plaintiff's Complaint does not allege that Defendant Andrews is or was an employer as defined by NRS 613. Moreover, Defendant Andrews was not, in fact, Plaintiff's employer. **Exhibit 2** at ¶ 9. As Nevada's anti-discrimination/anti-retaliation statute, NRS 613.310 *et. seq.*, is virtually identical to Title VII and Nevada courts routinely analyze NRS 613.310 *et. seq.* claims pursuant to Title VII, Plaintiff's discrimination and retaliation claims asserting violation of NRS 613.330 must also be dismissed. *See Hirschhorn v. Sizzler Rests. Int'l Inc.*, 913 F. Supp. 1393, 1399 (9th Cir. 1995) (citations omitted); *Tulipat v. Lombardo*, No. 2:22-cv-01738-JAD-VCF, 2022 U.S. Dist. LEXIS 59657, *4 (D. Nev. Mar. 31, 2022) (concluding Nevada Supreme Court would hold that NRS 613.330 does not extend liability to individual employees).

Accordingly, Plaintiff has failed to state any plausible claim against Defendant Andrews for which relief may be granted as there is no individual liability under Title VII, the ADA, ADEA,

and NRS 613. As a matter of law, Plaintiff's discrimination and retaliation claims must be dismissed with prejudice.

### IV.     CONCLUSION

For the reasons discussed herein, Defendant Andrews respectfully requests that the Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), dismissing this case with prejudice.

Dated this 2nd day of August, 2023.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant Taylor Andrews*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 2nd day of August, 2023, I caused a true and correct copy of the foregoing **DEFENDANT TAYLOR ANDREWS' RULE 12(b)(5) AND RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served via email and U.S. Mail to the following:

HIRAM GLENN, JR.
1841 Drifters Peak St.
Las Vegas, NV 89144
hiramglennjr@yahoo.com

*Pro Se Plaintiff*

                                        */s/ Kelley Chandler*
                                        Employee of Jackson Lewis P.C.