# EXHIBIT 3

# EXHIBIT 3



3199 E. Warm Springs Road
Suite 400
Las Vegas, Nevada 89120
TELEPHONE:  (702) 508-9282
FACSIMILE:  (510) 337-1023
Sean W. McDonald
smcdonald@unioncounsel.net

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA♦
LINDA BALDWIN JONES
ALAN G. CROWLEY
KRISTINA L. HILLMAN♠
BRUCE A. HARLAND
CAREN P. SENCER
ANNE I. YEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES▼
KERIANNE R. STEELE♦
GARY P. PROVENCHER
EZEKIEL D. CARDER▶
LISL R. SOTO
JOLENE KRAMER
CAITLIN E. GRAY
TIFFANY L. CRAIN♠
XOCHITL A. LOPEZ
DAVID W.M. FUJIMOTO
ANDREA C. MATSUOKA
ALEXANDER S. NAZAROV
SEAN W. McDONALD◀

KATHARINE R. McDONAGH
WILLIAM T. HANLEY
BISMA SHAHBAZ
MATTHEW J. ERLE
MAXIMILLIAN D. CASILLAS▲
CRAIG L. SCHECHTER
MICHAELA F. POSNER
ALEXANDER M. MILNE
ZACHARY D. ANGULO
JOSEPH T. ADAMIAK
HUGO GARCIA
WINNIE WEN
AILYN GONZALEZ
SARA J. ZOLLNER

OF COUNSEL

ROBERTA D. PERKINS
ROBERT E. SZYKOWNY
ANDREA K. DON
LORI K. AQUINO♦

LABOR EDUCATOR

NINA FENDEL (Retired Attorney)

•   Admitted in California, unless
     otherwise noted
◊   Admitted in Hawaii
♦   Also admitted in Nevada
▶   Also admitted in Illinois
♠   Also admitted in New York and
     Alaska
◀   Admitted in Nevada and
     Washington
▲   Also admitted in Idaho

May 16, 2023

**VIA EMAIL AND U.S. MAIL**

Mr. Hiram Glenn, Jr.
1841 Drifters Peak St
Las Vegas, NV  89144
hiramglennjr@yahoo.com

**Re: Hiram Glenn Jr. v. Mission Support and Test Services LLC, et al.**
     **United States District Court, District of Nevada Case No. 2:22-cv-00712-RFB-BNW**
     **Rejecting and Returning Legal Documents**

Dear Mr. Glenn:

As you know, this firm represents Laborers' International Union of North America, Local 872 ("Union" or "Local 872"). In that regard, the Union has forwarded to my office for a response legal documents received from you.

Earlier today, a deputy constable from the Las Vegas Township Constable's Office attempted to serve the attached documents at the Union's Hall. The documents were provisionally received by William Kephart, the Union's general counsel. As I advised you in my letter of May 12, 2023, the Union is not authorized to accept service of process for either Mission Support and Test Services LLC or Taylor Andrews. The Union cannot accept service of these legal documents on behalf of MSTS or Taylor Andrews and, therefore, returns them to you.

Once again, I urge you to consult the Federal Rules of Civil Procedure at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. I have enclosed a copy of Rule 4 for your convenience. Moreover, you would be well advised to retain qualified counsel with respect to your lawsuit.

Rule 4 of the Federal Rules of Civil Procedure governs service of process of federal civil actions. To serve an individual, a plaintiff must make service by following the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made, Fed. R. Civ. P. 4(e)(1); or by personal delivery, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process, Fed. R. Civ. P. 4(e)(2)(A)–(C). Nevada's service of process rules for an individual are identical to the Federal Rules. *See* Nev. R. Civ. P. 4.2(a)(1)–(3), https://www.leg.state.nv.us/Division/Legal/LawLibrary/CourtRules/NRCP.html.

///

EMERYVILLE OFFICE
1375 55TH Street
Emeryville, CA 94608-2609
TEL 510.337.1001 FAX 510.337.1023

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1020
Los Angeles, CA  90017-2623
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
431 I Street, Suite 201
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
220 South King Street, Suite 901
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

Mr. Hiram Glenn, Jr.
May 16, 2023
Page 2

The rules do not authorize service by leaving a copy of the summons and complaint at an individual's place of business. *See Torres v. Gaines*, 130 F. Supp. 3d 630, 635 (D. Conn. 2015); *Klayman v. Obama*, 125 F. Supp. 3d 67, 78 & 90 (D.D.C. 2015); *see also United States v. McLaughlin*, 470 F.3d 698, 699 (7th Cir. 2006) (a defendant's office of place of business is not his or her "usual place of abode" within the meaning of Rule 4); *Boateng v. InterAmerican Univ. of P.R.*, 188 F.R.D. 26, 28 (D.P.R. 1999) (place of employment is not "dwelling place" or "usual place of abode").

You will need to make arrangements to personally serve Mr. Andrews by personal delivery or by leaving a copy at Mr. Andrews's dwelling or usual place of abode. Mr. Andrews does not live at the Union's Hall. I am not authorized to disclose Mr. Andrews's residential address. You will need to make appropriate arrangements to discover his address.

Additionally, the Summons received is facially defective as to form. The Summons does not name Mr. Andrews as a defendant. Instead, the Summons names MSTS. The Rules require that a summons name the defendant being served and it must be directed particularly to that person. *See* Fed. R. Civ. P. 4(a)(1)(B). A summons is defective when it does not include the correct name of the defendant. *See Naranjo v. Universal Sur. of America*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). You will need to have a properly filled out summons issued by the Clerk of Court and properly serve that summons, together with a copy of the complaint, on the defendants named in your lawsuit.

Lastly, the Summons received was issued more than a year ago. A defendant must be served with a copy of the summons and complaint within 90 days after the complaint is filed, unless the plaintiff has moved for, and the court has granted, an extension of time to serve the summons and complaint. Fed. R. Civ. P. 4(m).

Because the Union is not authorized to accept your legal papers on behalf of MSTS and Mr. Andrews, and because the papers otherwise appear to be facially defective and untimely, as explained above, the Union rejects the documents and returns them to you and will take no further action thereon.

Should you have any questions or concerns, please contact me directly.

Sincerely,

Sean W. McDonald

SWM:ms
opeiu 29 afl-cio (1)


Enclosures

cc:         Bill Kephart (via email)
            Chelsy Torres (via email)
            Taylor Andrews (via email)

1\1365865

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

HIRAM Glenn Jr
_____
*Plaintiff*

v.

Mission Support and Test Services
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.   2:22-cv-00712-RFB-BNW

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Mission Support and Test Services LLC
2621 losec Rd   N   Las Vegas, NV 89030

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Hiram Glenn Jr
1841 Drifters Peak ST
Las Vegas, NV 89144

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 5-4-2022
_____

_____
Signature of Clerk or Deputy Clerk

5-16-2023 - 12:50

**Hiram Glenn Jr.**

**1841 Drifters Peak St.**

**Las Vegas, NV  89144**

**702-929-9202**

**hiramglennjr@yahoo.com**



```
____ FILED           ____ RECEIVED
____ ENTERED         ____ SERVED ON
          COUNSEL/PARTIES OF RECORD

        MAY  4 2022

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA

BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Hiram Glenn Jr., an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Mission Support And Test Services LLC (MSTS)/Upper management, Laborer Relations Representative (Taylor Andrews) ,MSTS ADA Coordinator (Angelica Wolf)<br><br>Defendants. | CASE NO.:  2:22-cv-00712-RFB-BNW<br>Court><br><br><br><br>__COMPLAINT AND JURY DEMAND__ |

The Plaintiff Mr.Hiram Glenn Jr., in Proper Person hereby complains and alleges as follows:

## JURISDICTION

1.      This is an action for damages brought by Plaintiff for unlawful workplace discrimination based disability, age and retaliationunder Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; for violations of the Civil Rights Act of 1871, §1981;the Americans with Disabilities Act ("ADA"), U.S.C. § 12101, et seq; For violation of the Americans with Disabilities Act, and for violation of Nevada Revised Statute§613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment).    Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3.      All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada.   Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.      On or about February 14, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on ageand disability, and retaliation.

5.      On or about February 4, 2022, Plaintiff received his Notice of Right to Sue from the EEOC.

6.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.      Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

8.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.      Plaintiff is a United States citizen and former resident of Clark County, Nevada.

< Discrimination in age, Discrimination on job reassignments, Discrimination in ADA Accommodations Laws, Discrimination in OSHA Laws, Discrimination and retaliation, Discrimination and Harassment, Intentional exclusion, Intentionally taking my work truck that I needed for my ADA accessibility. Spreading my medical condition around the jobsite and not spreading it truthfully.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Disability in violation of State and Federal Statutes)

10.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

11.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability or a combination thereof.

12.     .     At all relevant times, Plaintiff had a qualifying disability right hip metal on metal replacement, left hip osteoarthritis.

13.     Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

14.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by Not having a equal opportunity for job reassignment, not following the ADA laws, not having the benefits and privileges of employment, misinterpretation of medical documents, and segregation. No inclusion when making the decisions about my health and safety.

15.     No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

16.     Plaintiff suffered adverse economic impact due to his constructive discharge.

17.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

18.     Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

19.     Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

20.     Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

21.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

22.     Plaintiff is entitled to an award of reasonable attorney's fees.

23.     Defendant is guilty of oppression, fraud or malice, expressed or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race and disability.

24.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

### (Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)

25.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

26.     In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

27.     In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, whichhe reasonably believed were discriminatory.

28.     There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

29.     The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

30.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

31.     Plaintiff is entitled to an award of reasonable attorney's fees.

32.     Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because he submitted a complaint of racial discrimination with the general manager.

33.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION

### (Violation of the Americans with Disabilities Act)

34.     Plaintiff hereby repleads, realleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

35.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

36.     Because right hip metal on metal replacement, left hip osteoarthritis limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

37.     Plaintiff was fully qualified to be a Laborer II and an above ground Miner, and could perform the essential functions of the positions.

38.     Defendant is a covered employer to which the ADA applies.

39.     Defendant discriminated against Plaintiff's employment because of his disability.

40.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

### FOURTH CAUSE OF ACTION

### (Discrimination and Retaliation in Violation of the ADEA, 29 U.S.C. § 631 et. seq.)

41. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

42. Defendant violated 29 U.S.C. § 631 et. seq., by discriminating against and retaliating against Plaintiff because age limits individuals at least 40 years of age, intentional exclusion, segregation, opportunity to compete on a equal basis and pursue the opportunities.

43. Defendant engaged in age discrimination in violation of 29 U.S.C. § 631 when Defendant gave younger laborers opportunities to transfer to different jobs on the site, gave laborers opportunities for promotions to other jobs that were less stressful,  by not posting job positions or  having meetings to announce the job vacancies as a group.

44.  Give examples related to age discrimination :Other laborers who worked in Area 6 had an opportunity to be reassigned to Mercury/Maintenance, Fleet/Maintenance, Fleet/Construction, the DAF, Area 5,  U1A.  They were also given opportunities to get their Q Security Clearance, and made foreman which resulted in them earning higher pay rates than me, and employer acceptability to younger workers.

45. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

46. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

47. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

48. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

**WHEREFORE,** Plaintiff prays this court for: A judgment in his favor and against the Defendants for the following relief:

      a.     A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

      b.     Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make his whole in accordance with Title VII, and the ADA;

      c.     General damages;

      d.     Special damages;

      e.     An award of compensatory and punitive damages to be determined at trial;

      f.     Liquidated damages;

      g.     Pre and post-judgment interest;

      h.     An award of attorney's fees and costs; and

      i.     Any other relief the court deems just and proper.

Dated this 4th Day of May, 2022.

**Hiram Glenn Jr.**

*Hiram Glenn Jr.*

Hiram Glenn Jr.

1841 Drifters Peak Street

Las Vegas, NV 89144

702-929-9202

hiramglennjr@yahoo.com

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | MSTS |
| Job or Title *(if known)* | Upper Management |
| Street Address | 2621 Losee Rd |
| City and County | N Las Vegas, Clark |
| State and Zip Code | NV, 89030 |
| Telephone Number | 702-295-7783 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Angie Wolf |
| Job or Title *(if known)* | ADA Coordinator |
| Street Address | 2621 Losee Rd |
| City and County | N Las Vegas, Clark |
| State and Zip Code | NV, 89030 |
| Telephone Number | 702-624-8012 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Taylor Andrews |
| Job or Title *(if known)* | Labor Relations Rep |
| Street Address | 2621 Losee Rd |
| City and County | N Las Vegas, Clark |
| State and Zip Code | NV, 89030 |
| Telephone Number | 702-801-7620 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |