UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HIRM GLENN, JR., | Case No. 2:22-cv-00712-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MISSION SUPPORT AND TEST SERVICES, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Defendant Taylor Andrews [ECF No. 23] Motion to Dismiss. For the following reasons, the Court grants the Motion to Dismiss.

## II.   PROCEDURAL BACKGROUND

On May 4, 2022, Plaintiff Hiram Glenn, Jr. filed a Complaint against Mission Support and Test Services LLC ("MSTS"), Taylor Andrews, and Angelica Wolf. ECF No. 2. On October 7, 2022, the Clerk of Court issued a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m) for failure to provide proper proof of service to the Defendants. ECF No. 6. On October 28, 2022, and November 4, 2022, the Plaintiff sent unsatisfactory notice of an attempt to serve the Defendants. ECF Nos. 7, 8.

On April 11, 2023, the Clerk of Court issued a second notice of intent to dismiss pursuant to FRCP 4(m). ECF No. 9. On May 5 and May 10, 2023, the Plaintiff again filed unsatisfactory notice of an attempt to serve the Defendants. ECF No. 10, 11, 12.

On May 31, 2023, this Court issued an order in which it explained that it did not accept the

Plaintiff's filings as proof of service and notified Plaintiff that he had 60 days to file proper proof of service for the Defendants. ECF No. 13.

On August 2, 2023, Defendant Taylor Andrews filed a Motion to Dismiss. ECF No. 23. Plaintiff has failed to respond to this Motion to Dismiss.

### III.  FACTUAL ALLEGATIONS

In his complaint, Plaintiff asserts that he was discriminated against in violation of several federal and state statutes: the Americans with Disabilities Act ("ADA") and Nevada Revised Statute ("NRS") § 613.330; Title VII of the Civil Rights Act of 1964 ("Title VII") and NRS § 613.340; and the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff asserts that he is a member of a protected class due to his disability, a right hip metal-on-metal replacement and left hip osteoarthritis. He alleges that the Defendants took various actions which violated the referenced statues and caused him physical and emotional harm.

### IV.  LEGAL STANDARD

#### A.  Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the

court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

V.   DISCUSSION

A.   **Defendant Andrews' Motion to Dismiss**

Defendant Andrews argues that the Plaintiff's Complaint should be dismissed due to: (1) a failure to properly serve the Complaint and (2) a failure to state a claim upon which relief can be granted.

i.   Dismissal Under Federal Rule of Civil Procedure 12(b)(5)

Defendant Andrews asserts that on or about May 16, 2023, the general counsel for Andrews' current employer, the Laborer's International Union of North America, Local 872 ("Local 872"), provisionally received the first page of Plaintiff's Complaint and a Summons addressed to MSTS. Counsel for his employer informed Andrews that it was not authorized to accept service of process for MSTS or Andrews. Defendant Andrews was not present at Local 872 to accept service on his behalf.

On May 31, 2023, this Court issued an order acknowledging a receipt related to service on Defendant Wolf. The order also noted that the Court did not accept the filing as proof of service and instructed the Plaintiff to file proper proof of service within 60 days.

The Plaintiff has not filed the requested proof of service. Further, the Plaintiff has failed to respond to this Motion to Dismiss.

Dismissal is authorized due to insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted). In order to exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Strong v.

1   Countrywide Home Loans, Inc., 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing Omni Capital
2   Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

3   The federal rules require that service upon the defendant be made within 90 days after the Complaint is filed. Fed. R. Civ. Proc. 4(m). If service is not completed by this time, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Id.

Once the defendant challenges service, the plaintiff has the burden of establishing its validity under Rule 4 of the Federal Rules of Civil Procedure, which governs service of process in federal courts. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If the court finds that service was improper, it has the discretion to dismiss the action or to quash service. S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

Under Nevada Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion. LR 7-2(d).

Here, the Plaintiff has failed to provide proof to the Court of proper service upon Defendant Andrews. Additionally, the Plaintiff has failed to respond to Defendant Andrews's Motion to Dismiss. Accordingly, the Motion to Dismiss is granted.

ii.   Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Defendant Andrews also brings this Motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Plaintiff brings his Complaint under the ADA and NRS § 613.330; Title VII and NRS § 613.340; and the ADEA. Andrews argues that Plaintiff is unable to bring an action against an individual employee under any of these statutes.

The statutory provisions of the ADA, Title VII, and the ADEA all limit civil liability to the employer. Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033 (9th Cir. 2006) (limiting civil liability to an employer for cases brought under the ADA); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (limiting civil liability to the employer for cases brought under Title VII and the ADEA). Therefore, there is no applicable statute to bring this case against Defendant Andrews.

As there is no viable federal claim, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.'" (internal citations omitted)).

For the reasons stated herein, and pursuant to LR 7-2, the Court orders that this matter is dismissed against Defendant Andrews.

### VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Taylor Andrews' (ECF No. 23) Motion to Dismiss is GRANTED. Defendant Andrews is dismissed from this case.

**DATED:** November 28, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**